No. 24-10277

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

INSURANCE MARKETING COALITION, LTD.
*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,
*Respondents.*

On Petition for Review of an Order of
the Federal Communications Commission

**REPLY IN SUPPORT OF MOTION OF NATIONAL CONSUMERS LEAGUE, MARK SCHWANBECK, MICAH MOBLEY, CHRISTOPHER MCNALLY, AND CHUCK OSBORNE TO INTERVENE [ECF NO. 63]**

Jennifer S. Wagner
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
jwagner@nclc.org

*Counsel for National Consumers League*

Leah M. Nicholls
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
LNicholls@publicjustice.net

*Counsel for Proposed Intervenors*

*Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

## CERTIFICATE OF INTERESTED PERSONS

Under Eleventh Circuit Rules 26.1-1, 26.1-2(c), and 27-1(a)(10), undersigned counsel for Proposed Intervenors certifies that the following is a full and complete list of all persons, firms, associations, partnerships, and corporations, including subsidiaries, conglomerates, affiliates, parent corporations, and other legal entities having an interest in the outcome of this case:

1. Aggarwal, Sameer, Covington & Burling LLP, counsel for Petitioner;
2. Boeglin, John A., Covington & Burling LLP, former counsel for Petitioner;
3. Carter, Carolyn, National Consumer Law Center, counsel for *Amicus Curiae* National Consumer Law Center;
4. Citrin, Sarah E., Federal Communications Commission, counsel for Respondent;
5. Covington & Burling LLP, counsel for Petitioner;
6. Dori, Yaron, Covington & Burling LLP, counsel for Petitioner;
7. Dunne, Matthew J., Federal Communications Commission, counsel for Respondent;
8. Electronic Privacy Information Center, *Amicus Curiae*;

*Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

9. Ellison, P. Michele, Federal Communications Commission, counsel for Respondent;

10. Federal Communications Commission, Respondent;

11. Garcia, Nicholas, Public Knowledge, counsel for *Amicus Curiae* Public Knowledge;

12. Glover, Matthew J., Covington & Burling LLP, counsel for Petitioner;

13. Greenburg, Sally, Intervenor National Consumers League;

14. Insurance Marketing Coalition Limited, Petitioner;

15. Iorio, Megan, Electronic Privacy Information Center, counsel for *Amici Curiae*;

16. King, Kevin F., Covington & Burling LLP, counsel for Petitioner;

17. Lewis, Jacob Matthew, Federal Communications Commission, counsel for Respondent;

18. McNally, Christopher K., Intervenor;

19. Mobley, Micah, Intervenor;

20. Murray, Teresa, *Amicus Curiae* U.S. PIRG;

21. National Consumer Law Center, *Amicus Curiae* and counsel for Intervenor National Consumers League;

22. National Consumers League, Intervenor;

***Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277**

23. Nicholls, Leah M., Public Justice, counsel for Intervenors;

24. Nicholson, Robert B., U.S. Department of Justice, counsel for Respondent;

25. Osborne, Chuck, Intervenor;

26. Public Justice, counsel for Intervenors;

27. Public Knowledge, *Amicus Curiae*;

28. Saunders, Margot, National Consumer Law Center, counsel for *Amicus Curiae* National Consumer Law Center;

29. Schwanbeck, Mark, Intervenor;

30. United States of America, Respondent;

31. U.S. PIRG, *Amicus Curiae*;

32. Wagner, Jennifer S., National Consumer Law Center, counsel for Intervenor National Consumers League;

33. Wiggers, Robert J., U.S. Department of Justice, counsel for Respondent;

34. Witte, Erin, Consumer Federation of America, counsel for *Amicus Curiae* Consumer Federation of America.

March 7, 2025  /s/ *Jennifer S. Wagner*
Jennifer S. Wagner

*Counsel for Proposed Intervenor*

**INTRODUCTION**

On February 19, 2025—well within the timeframe to file a motion for rehearing *en banc* and shortly after it became clear that the Respondents Federal Communications Commission (FCC) and United States of America (collectively, the Government) would not do so—National Consumers League (NCL), Mark Schwanbeck, Micah Mobley, Christopher McNally, and Chuck Osborne (collectively, Proposed Intervenors) moved to intervene to defend the FCC's 2023 Order at issue in this proceeding (the One-to-One Rule or Rule). Dkt. No. 63.

While the Government has taken no position on the motion, Petitioner Insurance Marketing Coalition Ltd. (IMC) insists that the motion cannot be granted resting largely on its inaccurate assertion that the motion is time-barred. Dkt. No. 66 at 1-6.[1] As demonstrated in their motion and below, Proposed Intervenors filed their motion as soon as it became clear that the Government would not continue to defend the Rule. As a result, good cause exists for filing at this time, before which intervention would have been duplicative and unnecessary, and the motion is thus timely. IMC goes on to invite this Court to invent new legal standards for intervention. However, the motion and Proposed Intervenors' plan to seek rehearing *en banc*, whether or not the Government does so, is authorized pursuant to the

---

[1] Proposed Intervenors citations refer to the page numbers at bottom center of IMC's brief.

express terms of the Hobbs Act. 28 U.S.C.A. § 2348. As a result, the motion should be granted.

## ARGUMENT

**I.     The Motion Is Timely.**

IMC largely rests on its argument that Proposed Intervenors' motion is untimely. IMC misunderstands the law.

IMC asserts that Rule 15(d) "mandates," without exception, filing of any motion to intervene within thirty days of the petition for review. Dkt. No. 66 at 1. This is not the case. As the Sixth Circuit has explained, Rule 15(d) does not present a jurisdictional bar; instead, courts "retain authority to waive" the deadline when appropriate, including for equitable reasons.[2] *Int'l Union of Operating Eng'rs, Loc. 18 v. Nat'l Lab. Rels. Bd.*, 837 F.3d 593, 595 (6th Cir. 2016); *see also Zeigler Coal Co. v. Off. of Workers' Comp. Programs*, 490 F.3d 609, 610 n.1 (7th Cir. 2007) (excusing untimeliness under Rule 15(d) for good cause shown and allowing intervention); *United Gas Pipe Line Co. v. FERC,* 824 F.2d 417, 436 n.22 (5th Cir. 1987) (noting the court's "practice has been at times to grant motions for leave to intervene [under Rule 15] out of time"); *Brown v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 864 F.2d 120, 123 (11th Cir. 1989) (explaining that

---

[2] 11th Cir. R. 15-4, which uses the permissive "may" to refer to the timeframe clarifies the non-mandatory nature of the timeframe in the Rule.

statutory time limits are considered jurisdictional, while time limits in rules are not). Moreover, Rule 2 permits the Court "broad equitable discretion" to suspend or extend timeframes within the Rules, without motion of the parties. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314 (1988); *see* Fed. R. App. P. 2(a).

In light of the circumstances, the Court should exercise that discretion here. As discussed in their opening brief, Proposed Intervenors' interests were well protected prior to the Government's change in position on January 24, 2025, when—after prior vigorous defense of the Rule, including opposition to any stays—the Government suddenly agreed to a delay in the effective date of the Rule and has indicated that it will not seek rehearing.[3] Doc. 63 at 15-17. Indeed, adopting IMC's requested rule that intervention *never* be permitted more than thirty days after filing of a petition would lead to a potential flood of unnecessary interventions by entities who have wholly overlapping (and thus fully protected) interests with the government, filed just in case of the remote possibility that the government would someday change its position.[4] *See United Airlines, Inc. v. McDonald*, 432 U.S. 385,

---

[3] The Government has not responded to Proposed Intervenors' motion, which it would have done if it planned to continue its defense of the Rule. *See Mississippi Bankers Assoc. v. Consumer Fin. Prot. Bureau*, No. 3:24-CV-792-CWR-LGI, 2025 WL 694462, at *3 (S.D. Miss. Mar. 4, 2025) ("[T]he CFPB's failure to take a position on intervention is telling; the agency could have used that opportunity to communicate the vigor of its anticipated defense, but elected not to do so. The adequacy of the CFPB's representation is therefore legitimately in question.")

[4] IMC cites several cases for the proposition that organizations do, sometimes,

3

394 n.15 (1977) (in different context, explaining that a rule requiring early intervention "would serve no purpose. Intervention at that time would only have made the respondent a superfluous spectator in the litigation for nearly three years" and would require interested parties to file "protective motions to intervene to guard against" the remote possibility that their interests would later not be represented). This would not serve the process and efficiency goals of Rule 15, which was adopted simply to create a workable and efficient process, pursuant to the Hobbs Act, for review of final agency orders. *See* Advisory Comm. Notes, 1967 General Note, Fed. R. App. P. 15. Notably, the Hobbs Act does *not* impose a timing requirement on intervention, although it *does* explicitly state that intervenors may take action when the government fails to act. *Id.*; 28 U.S.C.A. § 2348. At minimum, the fact that Proposed Intervenors interests were previously wholly represented explains why they had good cause for filing their motion outside of the thirty-day period.[5]

---

intervene in these cases. Dkt. No. 66 at 4 & n.4. Proposed Intervenors do not disagree that intervention is possible. However, none of the cases cited by IMC support its proposition that intervention *must* occur within thirty days of filing of the petition—indeed, none discuss the timing of the interventions (or any issues related to intervention, Rule 15, or the Hobbs Act's intervention requirements) whatsoever.

[5] It is also worth noting that none of the Proposed Intervenors other than NCL would have been able to intervene as of right earlier in these proceedings. *See Alabama Power Co. v. F.C.C.*, 311 F.3d 1357, 1366 (11th Cir. 2002) ("Under 28 U.S.C. § 2348, only parties to the agency proceeding can intervene as of right, while intervention by a nonparty is discretionary.")

4

IMC asks this Court to ignore Proposed Intervenors' explanation of why they properly filed their motion at this time, asserting that "adequacy of representation is not a relevant factor" under Rule 15. Dkt. No. 66 at 4. But because "Rule 15(d) does not provide standards for intervention . . . appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. E.P.A.,* 358 F.3d 516, 517-18 (7th Cir. 2004) (granting motion to intervene where intervention is necessary to pursue a party's interest when the government fails to pursue *en banc* review or a petition for certiorari before the Supreme Court). Thus, Proposed Intervenors' reliance on *Cameron v. EMW Women's Surgical Center*, 595 U.S. 267 (2022) is appropriate, contrary to IMC's contentions, Dkt. No. 66 at 5-6. While *Cameron* did involve intervention outside the context of Rule 15, the Court only mentioned that fact in permitting intervention where there was no specific rule in place allowing it to do so. *Cameron*, 595 U.S. at 276. The Court's admonition that "timeliness is to be determined from all the circumstances and the point to which a suit has progressed is not solely dispositive," was not limited by that factor and still stands in this context as a consideration for good cause in allowing this motion after the thirty-day period. *Id.* at 279 (marks and citation omitted). Notably, IMC tries to have it both ways by criticizing Proposed Intervenor's reliance on *Cameron*, due to that case's reliance on Federal Rule of Civil Procedure Rule 24, but itself relying on *Amalgamated Transit Union Int'l,*

5

*AFLC-CIO v. Donovan*, 771 F.2d 1551 (D.C. Cir. 1985), Dkt. No. 66 at 6, which also considers timeliness under Federal Rule of Civil Procedure 24. Of course, the D.C. Circuit opinion in *Amalgamated* well predates the U.S. Supreme Court opinion in *Cameron*, which finds intervention in a nearly identical circumstance as here (after the panel had issued its decision) to be timely.

      IMC further contends that allowing intervention after the thirty-day period is inappropriate because Proposed Intervenors did not explicitly invoke Rule 26(b)—which "for good cause shown" allows the court to "permit an act to be done after that time expires," Fed. R. App. P. 26(b)—in their motion. Dkt. No. 66 at 3 n.3. But IMC is overly formalistic. Indeed, the cases interpreting timeliness under Rule 15 have not required a formal Rule 26 motion, *see Int'l Union of Operating Eng'rs, Loc. 18*, 837 F.3d at 595; *United Gas Pipe Line Co,* 824 F.2d at 436 n.22, and at least one court has construed a request to intervene filed outside the thirty-day period as a motion for leave to file the notice of intervention out of time, *Apple Inc. v. Optis Cellular Tech., LLC*, No. 2021-1043, 2020 WL 7753630, at *1 (Fed. Cir. Dec. 21, 2020). The Court may do the same here, where Proposed Intervenors functionally, if not formally, requested an extension of time under Rule 26 in their opening brief by both recognizing the thirty-day time period in Rule 15(d) and articulating good cause for not filing their motion to intervene during that period. *See* Dkt. No. 63 at 17-21; *see Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) ("[I]f a

litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."); *see also Harris v. United States*, 808 F. App'x 849, 851 (11th Cir. 2020) (citing *Torres* for this proposition).

In short, equity and good cause support permitting Proposed Intervenors to participate in this litigation at this stage, when their interests are suddenly no longer protected—whether under Rule 2, Rule 15, or Rule 26. Proposed Intervenors do not seek to re-litigate this matter and will not prejudice either the Court or the parties by appearing at this stage of the proceedings, as Proposed Intervenors only seek to advance the case as the Government would if it was still defending the Rule. Nor do Proposed Intervenors plan to invoke any new arguments that would not have been advanced by the Government, if the Government were continuing its defense of the Rule, or to change any deadline at issue in this matter. As a result, good cause exists to permit Proposed Intervenors to intervene in this matter solely to advance their request for a rehearing of the panel decision and participate in any subsequent briefing and argument on the merits.

## II. IMC's Second and Third Arguments Contravene the Hobbs Act and All Applicable Law.

In its second and third arguments, IMC asks this Court to develop entirely new law that contravenes the Hobbs Act's express provisions, Rule 15, and all

applicable caselaw. IMC's invitation should be rejected.

**A. NCL's Amicus Brief Does Not Preclude Intervention.**

IMC first asserts that because NCL previously filed an amicus brief before the Eleventh Circuit panel, all Proposed Intervenors should now be precluded from intervening to seek rehearing *en banc*. IMC cites no caselaw for this proposition, and none exists.

IMC misapprehends the purpose of NCL's request to intervene—it is not to "provide the Court with information" that it had access to through the amicus brief, Dkt. No. 66 at 7. Rather, NCL seeks to intervene to request rehearing and advance the arguments the Government would make if it were still defending the Rule, and it does so solely in light of the Government's changed position. This is a wholly different purpose that was not served by their prior appearance as amicus. *Cf. Mausolf v. Babbitt*, 85 F.3d 1295, 1302 (8th Cir. 1996) (reversing order that denied intervention while allowing amicus participation); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 121–22 (4th Cir. 1981) ("This practical disadvantage or impediment was not significantly relieved by allowing the Board to participate as amicus in the district court proceeding. . . . More importantly, lacking party status the Board had no right to seek review by appeal of any decision affecting its identified substantive interests."); *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) ("Participation by the intervenors as amicus curiae is not

sufficient to protect against these practical impairments. Amicus participants are not able to make motions or to appeal the final judgment in the case."). Instead, as IMC elsewhere concedes, an organization's prior involvement in the proceedings mitigates in *favor* of permitting its intervention, not against it. *See* Dkt. No. 66 at 3 (noting that the Hobbs Act permits NCL to intervene as of right); 28 U.S.C.A. § 2348.

Further, this argument has no bearing on the other four Proposed Intervenors—Mark Schwanbeck, Micah Mobley, Chirstopher K. McNally, and Chuck Osborne—individual business owners who have not previously filed an amicus brief before this Court, although they have otherwise properly demonstrated their interests in this proceeding (which IMC does not contest).

### B. The Hobbs Act Expressly Permits Intervenors to Stand in the Government's Shoes.

IMC finally argues that by permitting intervention, the Court would impermissibly allow Proposed Intervenors to "usurp the Government's authority." Dkt. No. 66 at 7. This argument is nonsense. The Hobbs Act plainly states that "any intervenor may prosecute, defend, or continue the proceeding *unaffected by the action or inaction of the Attorney General*." 28 U.S.C.A. § 2348 (emphasis added). And even when there is no clear authorizing statute like the Hobbs Act, courts still allow intervenors to engage in litigation when the government choses to not advance the case on appeal or rehearing. *See, e.g.*, *Sierra Club, Inc. v. E.P.A.,* 358 F.3d 516,

518 (7th Cir. 2004).

Moreover, IMC appears to forget that Proposed Intervenors seek to intervene, not to substitute themselves for the Government, and that it is this Court, not any party, that will resolve the legal issues in this case. This Circuit can hear from IMC, Proposed Intervenors, *and* the Government on whether to grant rehearing *en banc*, and if it does so, what the outcome will be. If the Government—as it appears is the case—has decided cease participation in the litigation, it can forgo doing so; if it wishes to advance an argument either for or against rehearing or on the merits, it can do that as well. Granting intervention—again, as expressly authorized by the Hobbs Act—will do nothing to inhibit or usurp the Government's authority.

## CONCLUSION

For these reasons, the motion to intervene should be granted.

March 7, 2025

Respectfully Submitted,

*/s/ Leah M. Nicholls*
Leah M. Nicholls
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
LNicholls@publicjustice.net

*Counsel for Proposed Intervenors*

*/s/ Jennifer S. Wagner*
Jennifer S. Wagner
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor

10

Boston, MA 02110
(617) 542-8010
jwagner@nclc.org

*Counsel for National Consumers League*

# CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the length limit of Fed. R. App. P. 27(d)(2) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 2,475 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface, using Microsoft Word, in Times New Roman 14-point font.

March 7, 2025  /s/ *Jennifer S. Wagner*
Jennifer S. Wagner

*Counsel for Proposed Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, the foregoing reply was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

March 7, 2025
                                      */s/ Jennifer S. Wagner*
                                      Jennifer S. Wagner

                                      *Counsel for Proposed Intervenor*