# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

INSURANCE MARKETING COALITION LIMITED,

 *Petitioner*,

  v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

 *Respondents*.

No. 24-10277

On Petition for Review of an Order of
the Federal Communications Commission

## RESPONDENTS' OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE

Pursuant to this Court's order of March 26, 2025, Respondents the United States and the Federal Communications Commission respond to the motion of the National Consumers League, Mark Schwanbeck, Micah Mobley, Christopher K. McNally, and Chuck Osborne (Proposed Intervenors) to Intervene in Support of Respondents (Doc. 63).

Although the government did not initially respond to the motion to intervene, pursuant to the Court's directive we now oppose the motion. The motion is untimely under Rule 15(d). Assuming for purposes of

argument that intervention might yet be permissible, whether to allow it is a matter of judicial discretion. And discretionary intervention is not warranted here. The government has decided not to seek further review of this Court's panel decision vacating an FCC rule. Allowing the Proposed Intervenors to become parties at this late stage, only to continue litigation that the government has decided no longer to pursue, would undermine the government's prerogative to direct the course of this case. The untimely motion to intervene should be denied.

## ARGUMENT

Under Rule 15(d) of the Federal Rules of Appellate Procedure, a person "must" file any motion seeking to intervene in a case involving direct judicial review of an agency order within 30 days after a petition for review is filed. Fed. R. App. P. 15(d). The Proposed Intervenors did not do so here.

They insist that their motion is "timely" nonetheless, Mot. 17, invoking Rule 24(a) of the Federal Rules of Civil Procedure, which permits intervention as "of right." Fed. R. Civ. P. 24(a). In the alternative, they contend that the Court should allow untimely intervention as a matter of its discretion, following the standard of Rule 24(b). Mot. 22. Neither theory is persuasive.

# I. The Proposed Intervenors Are Too Late To Intervene As Of Right

Although proceedings involving direct review of an agency order are governed by the Federal Rules of Appellate Procedure, the Proposed Intervenors contend that "[b]ecause Rule 15(d) does not provide standards for intervention, courts of appeal look to the standards governing intervention in the district courts under Federal Rule of Civil Procedure 24." Mot. 12. The Proposed Intervenors argue (at 13) that they may intervene as of right at this stage of the proceeding under Rule 24(a). They assert that they have an interest in the *Order*, and that their motion is timely now, despite the 30-day limit in Rule 15(d), because they "[c]ould not have met the standard for intervention as of right [under Rule 24(a)] earlier." Mot. 19.[1]

That is incorrect. The Hobbs Act, which governs review of FCC orders, allows intervention "as of right" for "any party in interest in the proceeding before the" FCC in judicial proceedings to review FCC orders. 28 U.S.C. § 2348; *see id.* § 2342(1) (providing jurisdiction over final FCC orders). A "party in interest" refers to a party who participated in an

---

[1] Their reply brief (at footnotes 4 and 5) raises some question about whether they have now abandoned this position.

- 3 -

agency proceeding. *See Alabama Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002). Thus, a party who participated before the agency, as Proposed Intervenor NCL did (Mot. 3), may intervene as of right in a proceeding for judicial review of the agency's order (assuming all other applicable requirements for obtaining judicial review are satisfied). This is true even when an intervenor's position is aligned with the government's. *See* Opp. 4 & n.4 (citing examples). Section 2348 of the Hobbs Act also contemplates that non-party "individuals . . . whose interests are affected by the order of the agency . . . may intervene in any proceeding to review the order," 28 U.S.C. § 2348, although "intervention by a nonparty is discretionary," *Alabama Power*, 311 F.3d at 1366.

Accordingly—assuming they met other applicable requirements for seeking judicial review—all of the Proposed Intervenors could have moved to intervene in this case had they done so within the time permitted under Rule 15(d). NCL would have been permitted as of right, and the other Proposed Intervenors could have sought permissive intervention. Under the circumstances, NCL's failure to comply with the rule means it has no right to intervene at this stage of the proceeding (and the other Proposed Intervenors never had such a "right").

## II. Assuming The Court Has Discretion To Permit Untimely Intervention, It Should Not Do So Here

The Proposed Intervenors separately argue that they should be permitted to intervene because they meet the requirements for permissive intervention under Rule 24(b). Mot. 22 (citing Fed. R. Civ. P. 24(b)). Petitioner Insurance Marketing Coalition, Ltd. does not expressly state a position as to when untimely intervention under Rule 15(d) might be permissible, but it implies that, if it is available, the "good cause" standard of Rule 26(b) of the Federal Rules of Appellate Procedure should apply, not the "permissive intervention" requirements of Rule 24(b) that the Proposed Intervenors invoke. *See* Opp. at 3 & n.3. Under either standard, allowing intervention in the circumstances of this case would be a discretionary decision for the Court. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 2278 (2022) ("a motion for permissive intervention is committed to the discretion of the court"); *cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988) (characterizing another rule's "good cause" standard as a "grant of broad equitable discretion").

Whatever discretion the Court may have to allow intervention, it should not exercise it here. This case concerns, in relevant part, a

challenge to the FCC's one-to-one-consent rule. Mot. 1. On review, the rule was vacated. *See Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303, 308 (11th Cir. 2024). The government has decided not to seek further review of that decision, and—unless this Court allows intervention and entertains the Proposed Intervenors' proposed petition for rehearing, *see* Doc. 68-1—the time to petition for certiorari has now passed. *See* Sup. Ct. R. 13 (1), (3). Allowing the Proposed Intervenors to seek further review of this Court's decision by granting their untimely intervention motion would undermine the government's prerogative to determine when and how to conduct ligation regarding an FCC rule.

As the Supreme Court has explained, the government does not "appeal every adverse decision." *United States v. Mendoza*, 464 U.S. 154, 161 (1984). Its "policy for determining when to appeal" properly takes into account, for example, not only the legal merits of a lower court's decision, but "a variety of factors," including the suitability of a particular case as a vehicle for litigating those issues, the likelihood of prevailing, and the broader interests of the relevant agency and the government as a whole. *Id.* at 160–61. Where, as here, the FCC and the Department of

Justice agree not to pursue additional litigation of an FCC order, that determination is entitled to considerable respect.[2]

The Proposed Intervenors speculate about the government's subjective motivation for deciding not to pursue further review. *See* Mot. 17. But such unsupported speculation is irrelevant. As the Supreme Court explained in *Mendoza*, the government—"[u]nlike a private litigant"— considers many factors when deciding to seek further review. 464 U.S. at 161. When the government has decided not to appeal a decision affecting a *government agency's rule*, the Court should give that decision significant deference.

---

[2] To be sure, the Hobbs Act contemplates the possibility that a party may timely intervene and then continue a proceeding unaffected by the government's inaction. 28 U.S.C. § 2348. But that provision does not make an untimely motion, like this one, timely, Fed. R. App. P. 15(d), or require the Court to allow non-government parties, in this circumstance, to direct the course of litigation.

## CONCLUSION

The motion for intervention should be denied.

Dated: April 4, 2025

/s/ Robert J. Wiggers
Robert B. Nicholson
Robert J. Wiggers
   *Attorneys*

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW
Washington, DC 20530

Respectfully submitted,

/s/ Matthew J. Dunne
Bradley Craigmyle
   *Deputy General Counsel*

Jacob M. Lewis
   *Associate General Counsel*

Sarah E. Citrin
   *Deputy Associate General Counsel*

Matthew J. Dunne
   *Counsel*

FEDERAL COMMUNICATIONS
   COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

## CERTIFICATE OF INTERESTED PERSONS

As far as we aware, the Certificate Of Interested Persons in Proposed Intervenors' Motion To Intervene is complete.

                                        /s/ *Matthew J. Dunne*
                                        Matthew J. Dunne
                                        *Counsel for Respondent*
                                        *Federal Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains 1,279 words, *or*

    ☐ this document uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

                              /s/ *Matthew J. Dunne*
                              Matthew J. Dunne
                              *Counsel for Respondent*
                              *Federal Communications Commission*