No. 24-10277

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

INSURANCE MARKETING COALITION, LTD.
*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,
*Respondents.*

On Petition for Review of an Order of
the Federal Communications Commission

## REPLY TO RESPONDENTS' OPPOSITION TO PROPOSED INTERVENTORS' MOTION TO INTERVENE [ECF NO. 80]

Jennifer S. Wagner
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
jwagner@nclc.org

*Counsel for National Consumers League*

Leah M. Nicholls
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
LNicholls@publicjustice.net

*Counsel for Proposed Intervenors*

## *Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

## CERTIFICATE OF INTERESTED PERSONS

Under Eleventh Circuit Rules 26.1-1, 26.1-2(c), and 27-1(a)(10), undersigned counsel for Proposed Intervenors certifies that the following is a full and complete list of all persons, firms, associations, partnerships, and corporations, including subsidiaries, conglomerates, affiliates, parent corporations, and other legal entities having an interest in the outcome of this case:

1. Aggarwal, Sameer, Covington & Burling LLP, counsel for Petitioner;

2. Boeglin, John A., Covington & Burling LLP, former counsel for Petitioner;

3. Carter, Carolyn, National Consumer Law Center, counsel for *Amicus Curiae* National Consumer Law Center;

4. Citrin, Sarah E., Federal Communications Commission, counsel for Respondent;

5. Covington & Burling LLP, counsel for Petitioner;

6. Dix, Gerald, proposed Intervenor;

7. Dori, Yaron, Covington & Burling LLP, counsel for Petitioner;

8. Dunne, Matthew J., Federal Communications Commission, counsel for Respondent;

9. Electronic Privacy Information Center, *Amicus Curiae*;

*Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

10. Ellison, P. Michele, Federal Communications Commission, counsel for Respondent;

11. Federal Communications Commission, Respondent;

12. Garcia, Nicholas, Public Knowledge, counsel for *Amicus Curiae* Public Knowledge;

13. Garland, Merrick B., Department of Justice, Counsel for Respondent;

14. Glover, Matthew J., Covington & Burling LLP, counsel for Petitioner;

15. Greenburg, Sally, Intervenor National Consumers League;

16. Insurance Marketing Coalition Limited, Petitioner;

17. Iorio, Megan, Electronic Privacy Information Center, counsel for *Amici Curiae*;

18. King, Kevin F., Covington & Burling LLP, counsel for Petitioner;

19. Lewis, Jacob Matthew, Federal Communications Commission, counsel for Respondent;

20. McNally, Christopher K., Intervenor;

21. Mobley, Micah, Intervenor;

22. Murray, Teresa, Amicus Curiae U.S. PIRG;

23. National Consumer Law Center, *Amicus Curiae* and counsel for Intervenor National Consumers League;

*Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

24. National Consumers League, Intervenor;

25. Nicholls, Leah M., Public Justice, counsel for Intervenors;

26. Nicholson, Robert B., U.S. Department of Justice, counsel for Respondent;

27. Osborne, Chuck, Intervenor;

28. Pathak, Ashwin P. Office of the Attorney General for the DC, counsel for *Amicus Curiae* District of Columbia;

29. Public Justice, counsel for Intervenors;

30. Public Knowledge, *Amicus Curiae*;

31. Saunders, Margot, National Consumer Law Center, counsel for *Amicus Curiae* National Consumer Law Center;

32. Schwanbeck, Mark, Intervenor;

33. State of Arizona, *Amicus Curiae*;

34. State of California, *Amicus Curiae*;

35. State of Colorado, *Amicus Curiae*;

36. State of Connecticut, *Amicus Curiae*;

37. State of Delaware, *Amicus Curiae*;

38. State of Hawaii, *Amicus Curiae*;

39. State of Illinois, *Amicus Curiae*;

40. State of Maine, *Amicus Curiae*;

***Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277**

41. State of Maryland, *Amicus Curiae*;

42. State of Massachusetts, *Amicus Curiae*;

43. State of Michigan, *Amicus Curiae*;

44. State of Minnesota, *Amicus Curiae*;

45. State of Nevada, *Amicus Curiae*;

46. State of New Jersey, *Amicus Curiae*;

47. State of New York, *Amicus Curiae*;

48. State of North Carolina, *Amicus Curiae*;

49. State of Ohio, *Amicus Curiae*;

50. State of Oregon, *Amicus Curiae*;

51. State of Rhode Island, *Amicus Curiae*;

52. State of South Carolina, *Amicus Curiae*;

53. State of South Dakota, *Amicus Curiae*;

54. State of Utah, *Amicus Curiae*;

55. State of Vermont, *Amicus Curiae*;

56. State of Virginia, *Amicus Curiae*;

57. State of Washington, *Amicus Curiae*;

58. State of West Virginia, *Amicus Curiae*;

59. State of Wisconsin, *Amicus Curiae*;

*Insurance Marketing Coalition Ltd. v. FCC*, Case No. 24-10277

60. U.S. Attorney Service- Northern District of Georgia, U.S. Department of Justice, counsel for Respondent;

61. U.S. PIRG, *Amicus Curiae*;

62. United States of America, Respondent;

63. Wagner, Jennifer S., National Consumer Law Center, counsel for Intervenor National Consumers League;

64. Wiggers, Robert J., U.S. Department of Justice, counsel for Respondent;

65. Witte, Erin, Consumer Federation of America, counsel for *Amicus Curiae* Consumer Federation of America;

April 11, 2025                                      */s/ Jennifer S. Wagner*
                                                    Jennifer S. Wagner

                                                    *Counsel for Proposed Intervenor*

# INTRODUCTION AND BACKGROUND

On January 24, 2025, the Federal Communications Commission (FCC) abruptly changed position and, despite its prior strong opposition to a stay, agreed to delay implementation of its 2023 Order requiring one-to-one consent for telemarketing calls issued pursuant to its authority under the Telephone Consumer Protection Act (the One-to-One Rule or Rule). Soon thereafter, in early February 2025, National Consumers League (NCL), Mark Schwanbeck, Micah Mobley, Christopher McNally, and Chuck Osborne (collectively, Proposed Intervenors), contacted the parties to this litigation to seek their position on intervention to defend the One-to-One Rule. In part, Proposed Intervenors sought clarity on whether Respondents FCC and the United States (collectively, the Government) planned to continue their defense of the Rule or otherwise oppose Proposed Intervenors' attempt to do so. While Petitioner Insurance Marketing Coalition, Ltd., (IMC) expressed its opposition to the motion, the Government did not respond to these inquiries.

On February 19, 2025, Proposed Intervenors filed their motion to intervene to defend the One-to-One Rule. Dkt. No. 63. Thereafter, IMC timely filed its response to the motion and Proposed Intervenors filed their reply. Dkt. Nos. 66, 67. Again, the Government did not respond or otherwise take a position on Proposed Intervenors' motion.

1

On March 10, 2025, Proposed Intervenors timely filed a proposed Petition for Rehearing *En Banc*, explaining that the panel decision conflicts with the United States Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and subsequent Eleventh Circuit decisions. Dkt. No. 68-2. The Government did not seek rehearing or file a petition for certiorari requesting review of the panel's decision. On March 17, 2025, a bipartisan group of attorneys general from twenty-seven states and the District of Columbia filed an amicus brief in support of Proposed Intervenors' petition for rehearing, describing how the Rule is an indispensable tool for states to address the problems caused by the flood of unwanted telemarketing and scam calls and the profound damage that would be caused by upholding the panel decision, which would limit the FCC's ability to meaningfully address scam and unwanted robocalls into the future. Dkt. No. 76. A proposed amicus brief in support of the petition for rehearing was also filed by several national advocacy groups, who set forth the factual background of the Rule and its necessity. Dkt. No. 72.

On March 26, 2025, this Court ordered the Government to respond to the pending motion to intervene. Dkt. No. 79. Only then did the Government take any position on the pending motion. The Government now, for the first time, asserts that Proposed Intervenors should not be permitted to intervene in this matter to defend the Rule. But the Government has no basis to oppose the motion. In fact, its newly

2

stated position only clarifies that good cause supports the timing of the motion to intervene, because the Government has now confirmed that it is abandoning its prior support of this critical Rule. Further, the Government's assertion that Proposed Intervenors should not be permitted to defend the Rule—at Proposed Intervenors' sole expense—solely because the Government no longer wishes to no longer engage in litigation is belied by the Hobbs Act and common sense. *See* 28 U.S.C.A. § 2348. Respondents have a statutory responsibility to adopt rules such as the one at issue to protect Americans from unauthorized robocalls. While they might now choose to abrogate that responsibility by failing to pursue this litigation, they cannot legally stop Proposed Intervenors from defending the Rule. Instead, Respondents' effort to undo their own rule by fiat rather than through required rulemaking process or allowing this Court to consider the merits of Proposed Intervenors' and *Amici*'s arguments should be rejected.

**ARGUMENT**

The Government argues, first, that Proposed Intervenors' motion is untimely and, second, that the Court should exercise its discretion to bar intervention. Proposed Intervenors address these arguments in detail in their reply to IMC's response to their motion to intervene and, in the interests of economy, incorporate those arguments by reference herein. *See* Dkt. No. 67. Proposed Intervenors recap their arguments in reference to the Government's specific points below.

3

**I.     The Motion Is Timely.**

In asserting that Proposed Intervenors' motion is time-barred, the Government misstates both the legal standard and Proposed Intervenors' arguments. The Government claims that Proposed Intervenors' argument for timely intervention relies solely on an assertion that they could not have intervened as of right earlier under the standards set forth in Federal Rule of Civil Procedure 24(a). Dkt. No. 80 at 2-3. This is not the case. Rather, Proposed Intervenors seek to intervene pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 15-4. As Proposed Petitioners have previously explained, the motion is timely pursuant to the Court's authority to waive the deadline set forth in Rule 15(d) when appropriate. *See* Dkt. No. 67 at 2-7[1] (citing, e.g., *Int'l Union of Operating Eng'rs, Loc. 18 v. Nat'l Lab. Rels. Bd.*, 837 F.3d 593, 595 (6th Cir. 2016); *Zeigler Coal Co. v. Off. of Workers' Comp. Programs*, 490 F.3d 609, 610 n.1 (7th Cir. 2007); *United Gas Pipe Line Co. v. FERC,* 824 F.2d 417, 436 n.22 (5th Cir. 1987); *Brown v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 864 F.2d 120, 123 (11th Cir. 1989); Fed. R. App. P. 2(a); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314 (1988)).

---

[1] Citations to Proposed Intervenors' previously filed reply brief are to the page numbers found at the bottom of the pages, rather than those in blue created by the ECF system.

As explained in Proposed Intervenors' prior briefing, good cause exists to allow the present motion because Proposed Intervenors reasonably believed that the Government would defend its own Rule until it reversed position shortly before Proposed Intervenors filed their motion. The Government argues this Court should require any potential intervenor—including those who could not intervene as of right, such as the individual Proposed Intervenors who did not participate in the proceeding below—to intervene at the very inception of the case, even when their interests are fully protected. But such a requirement would impose significant unnecessary costs on the parties, the Court, and the potential intervenors, and would create significant inefficiencies. *See* Dkt. No. 67 at 3-4 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 n.15 (1977)). Such a requirement would also contravene the purposes of the Hobbs Act, which does not impose a timing requirement on intervention, although it does explicitly state that intervenors may take action when the government fails to act. *See* 28 U.S.C.A. § 2348; *see also* Dkt. No. 67 at 4.

The timeliness standard in Federal Rule of Civil Procedure 24 comes into play because "appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. E.P.A.,* 358 F.3d 516, 517-18 (7th Cir. 2004) (granting motion to intervene where intervention is necessary to pursue a party's interest when the government decides not to pursue *en banc*

review or a petition for certiorari before the Supreme Court). This standard—which requires intervention only where the proposed intervenor's interests will not be protected by a party—mitigates in favor of allowing intervention here, where the Government has only now made clear that it has stopped defense of the Rule.

In short, equity and good cause support permitting Proposed Intervenors to participate in this litigation to advance their request for a rehearing of the panel decision and participate in any subsequent briefing and argument on the merits.

## II. Allowing Intervention Serves the Purposes of the Hobbs Act and Does Not "Undermine" the Government.

The Government argues that Proposed Intervenors should not be permitted to defend the Rule because to allow them to do so "would undermine the government's prerogative to determine when and how to conduct litigation regarding an FCC rule." Dkt. No. 80 at 6. This is simply not the case. Rather, the Government's argument is contradicted by the Hobbs Act and common sense.

As the Government recognizes, Dkt. No. 80 at 7 n.2, the Hobbs Act expressly permits intervenors to "prosecute, defend, or continue the proceeding" without regard to the Government's "action or inaction." 28 U.S.C.A. § 2348. By its very terms, the statute requires that the Court allow cases to proceed even if the Government chooses not to proceed with litigation, directly contradicting the Government's argument. Moreover, if this Court grants the motion to intervene, the effect will only be to allow Proposed Intervenors to pursue their petition for

rehearing and any subsequent briefing and argument on the merits, at their own cost. This has no impact on the Government whatsoever. The Government can continue to proceed with its own litigation decisions, as it has already done, including stepping aside and not seeking rehearing and choosing not to participate in any further briefing or argument if it so wishes.[2]

The Government cites one case in support of its position: *United States v. Mendoza*, 464 U.S. 154 (1984). But *Mendoza* has no relevance here. *Mendoza* does not arise under the Hobbs Act, does not address intervention, and does not even relate to the standards or law relevant to this motion. Instead, it considers application of the doctrine of nonmutual collateral estoppel to the United States government. Here, none of the same concerns or policy decisions arise—Congress was clear in passing the Hobbs Act that third parties could, and should, have the opportunity to

---

[2] The only way in which Proposed Intervenors' defense of the Rule could potentially interfere with the Government's decision-making is if the Government's intent in declining to seek rehearing is to, in effect, repeal the Rule without complying with the Administrative Procedures Act's procedural requirements for such a repeal. *See* 5 U.S.C. § 551(5) ("'rule making' means agency process for formulating, amending, or repealing a rule"); 5 U.S.C. § 553 (setting forth notice and comment requirements for rule making); *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 101 (2015) ("§ 2 of the APA . . . mandate[s] that agencies use the same procedures when they amend or repeal a rule as they used to issue the rule in the first instance"); *see also* FCC, Rulemaking Process, https://www.fcc.gov/about-fcc/rulemaking-process (last visited Apr. 8, 2025). Of course, this would not be a legitimate reason to bar Proposed Intervenors from their continued defense of this properly enacted Rule that carries out the FCC's statutory duty to regulate robocalls.

7

continue litigation to defend a Rule regardless of the Government's litigation decisions.

## CONCLUSION

For these reasons, the motion to intervene should be granted.

April 11, 2025                           Respectfully Submitted,

*/s/ Leah M. Nicholls*
Leah M. Nicholls
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
LNicholls@publicjustice.net

*Counsel for Proposed Intervenors*

*/s/ Jennifer S. Wagner*
Jennifer S. Wagner
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
jwagner@nclc.org

*Counsel for National Consumers League*

8

# CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the length limit of Fed. R. App. P. 27(d)(2) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,763 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface, using Microsoft Word, in Times New Roman 14-point font.

April 11, 2025                     */s/ Jennifer S. Wagner*
                                   Jennifer S. Wagner

                                   *Counsel for Proposed Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, the foregoing reply was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

April 11, 2025	*/s/ Jennifer S. Wagner*
Jennifer S. Wagner

*Counsel for Proposed Intervenor*