# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-10277

_____

INSURANCE MARKETING COALITION LIMITED,

                                                Petitioner,

*versus*

FEDERAL COMMUNICATIONS COMMISSION,
UNITED STATES OF AMERICA,

                                                Respondents.

_____

Petition for Review of a Decision of the
Federal Communications Commission
Agency No. CG-02-278 / CG-17-59 / CG-21-402

_____

ORDER:

Before the Court are (1) the motion to intervene filed by the National Consumers League, Mark Schwanbeck, Micah Mobley, Christopher K. McNally, and Chuck Osborne, and (2) the motion to intervene filed by Gerald Dix. The proposed intervenors seek to intervene both as of right and by the Court's permission. After careful review, the Court denies the motions to intervene.

This case arises from Petitioner Insurance Marketing Coalition Limited's ("IMC's") challenge to an order of the Federal Communications Commission ("FCC"). After briefing and oral argument, the Court granted IMC's petition for review and partially vacated the challenged order. *See Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025). Even though the FCC chose not to seek further review, the proposed intervenors now move to intervene to file a petition for rehearing *en banc*.

Under Federal Rule of Appellate Procedure 15(d), a motion to intervene in a proceeding challenging an agency order "must be filed within 30 days after the petition for review is filed." Fed. R. App. P. 15(d).[1] The petition for review in this case was filed on

---

[1] In full, Rule 15(d) provides:

> Unless a statute provides another method, a person who wants to intervene in a proceeding under this rule must file a motion for leave to intervene with the circuit clerk and serve a copy on all parties. The motion—or other notice of intervention authorized by statute—must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention.

January 26, 2024. The motions to intervene, however, were filed on February 19, 2025, and March 19, 2025, respectively—long after the expiration of Federal Rule of Appellate Procedure 15(d)'s 30-day deadline. The motions are untimely under Rule 15(d), and they are therefore denied.[2]

None of the cases cited by the proposed intervenors call for a different conclusion. Most importantly, the Court finds that the Supreme Court's decision in *Cameron v. EMW Women's Surgical Center, P.S.C.* is distinguishable. *See* 595 U.S. 267 (2022). There, the Court reviewed the denial of a motion to intervene filed by a state attorney general after the original defendant in the suit—the state secretary for health and family services—decided to stop defending the state law at issue. *See id.* at 272–73. The Court held that even though the motion to intervene was filed "after years of litigation" and after the panel opinion had issued, the motion was timely because the state attorney general "sought to intervene as soon as it became clear that" the secretary for health and family services

---

Fed. R. App. P. 15(d).

[2] The proposed intervenors intimate that they have shown good cause for missing Rule 15(d)'s 30-day deadline, and that the Court should therefore excuse the untimeliness of their motions. *See* Fed. R. App. P. 26(b) (providing that "[f]or good cause, the court may extend the time prescribed by," *inter alia*, Rule 15(d)). The Court finds no good cause to extend Rule 15(d)'s deadline in this case. The proposed intervenors do not argue that they were entirely unable to seek intervention earlier in this proceeding. And both Petitioner IMC and the FCC—whose regulation the intervenors now seek to intervene to defend—oppose intervention.

"would no longer . . . protect[]" the attorney general's interests. *Id.* at 279–80 (quotation omitted).

In reaching its conclusion, the Court explained that "[n]o statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Id.* at 276. Indeed, the Court noted that "[t]he Federal Rules of Appellate Procedure make only one passing reference to intervention, and that reference concerns the review of *agency* action." *Id.* (citing Fed. R. App. P. 15(d)). And because *Cameron* was not a case "concern[ing] the review of *agency* action," the Court had to "look[] elsewhere for guidance." *Id.* at 276–77. Specifically, the Court looked to "the policies underlying intervention in the district courts, including the legal interest that a party seeks to protect through intervention on appeal." *Id.* at 277 (quotation and citation omitted); *see also* Fed. R. Civ. P. 24(a), (b) (providing the standards governing intervention as of right and permissive intervention in the district courts). It was by following those "policies"—including the policy that "[t]imeliness is to be determined from all the circumstances"—that the Court held that the motion to intervene in *Cameron* should have been granted. *Id.* at 277–80 (quotation omitted).

This case is not like *Cameron*. As the Supreme Court specifically noted, *Cameron* did not "concern[] the review of *agency* action," and therefore Federal Rule of Appellate Procedure 15(d)'s 30-day deadline to file a motion to intervene did not apply. *Id.* at 276–77. Instead, timeliness in *Cameron* "[was] to be determined

from all the circumstances." *Id.* at 279 (quotation omitted). But here, this case *does* "concern[] the review of *agency* action," and therefore Rule 15(d)'s deadline *does* apply. *See id.* at 276; *see also* Fed. R. App. P. 15(d). Timeliness thus does not depend on the "all the circumstances" as it did in *Cameron*. *See* 595 U.S. at 279. Rather, timeliness depends on the deadline set by Rule 15(d). And as mentioned above, the proposed intervenors' motions are untimely under that deadline.[3] *Cameron* is thus inapposite, and the Court finds the rest of the cases cited by the proposed intervenors—which, to be clear, do not discuss how *Cameron* interacts with Rule 15(d)—to be unpersuasive.[4]

---

[3] To be clear, the Court denies as untimely both intervention as of right and permissive intervention. *See* Fed. R. App. P. 15(d) (providing 30-day deadline to intervene without distinguishing between intervention as of right and permissive intervention); *see also* Fed. R. Civ. P. 24(a), (b) (providing that both forms of intervention must be "timely"). But additionally, the Court exercises its discretion to deny the requests for permissive intervention given the circumstances of this case. *See Worlds v. Dep't of Health & Rehab. Servs. of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (explaining that "it is wholly discretionary with the court whether to allow [permissive] intervention" even where "the requirements of [permissive intervention] are otherwise satisfied").

[4] The proposed intervenors cite several out-of-circuit cases that they contend support intervention here. *See, e.g., Int'l Union of Operating Eng'rs, Local 18 v. NLRB*, 837 F.3d 593 (6th Cir. 2016); *United Gas Pipe Line Co. v. FERC*, 824 F.2d 417 (5th Cir. 1987); *Sierra Club, Inc. v. EPA*, 358 F.3d 516 (7th Cir. 2004); *Zeigler Coal Co. v. Office of Workers' Comp. Programs*, 490 F.3d 609 (7th Cir. 2007). But none of the cited cases are binding on this Court, and as mentioned, the Court finds them otherwise unpersuasive.

For these reasons, the motion to intervene filed by the National Consumers League, Mark Schwanbeck, Micah Mobley, Christopher K. McNally, and Chuck Osborne is **DENIED**. The motion to intervene filed by Gerald Dix also is **DENIED**.

The motion for leave to file an *amici* brief in support of rehearing filed by the Electronic Privacy Information Center, the Consumer Federation of America, Public Knowledge, and the National Association of State Utility Consumer Advocates is **DENIED AS MOOT**.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION
